UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ACTIVANT SOLUTIONS, INC.,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>NOTOCO INDUSTRIES, LLC.,<br><br>　　　　　Respondent. | Case No: C 11-02436 SBA<br><br>**ORDER**<br><br>Docket 13, 28 and 29 |

　　　The instant action arises from a contract dispute between Petitioner Activant Solutions, Inc. ("Activant") and Respondent Notoco Industries, LLC ("Notoco"). Pursuant to the terms of their written agreement, the parties submitted their dispute to the American Arbitration Association ("AAA") for resolution. On April 29, 2011, the appointed AAA arbitrator issued an arbitral award ("the Award") in favor of Activant. The parties are now before the Court on Activant's Petition to Confirm the Arbitration Award, and Notoco's Motion to Vacate, or in the Alternative, to Modify the Arbitration Award. Dkt. 1, 29. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS Activant's petition and confirms the Award, and DENIES Notoco's motion to vacate or modify said Award. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. Factual Summary

Activant is a provider of enterprise business software, hardware, and services for the wholesale distribution industry. Pet. ¶ 1, Dkt. 1. Notoco is a wholesale distributor of electrical goods and supplies. Id. On April 29, 2008, Activant and Notoco entered into a Master Customer Agreement ("Agreement") for the purchase of an Activant Eclipse enterprise resource software system, including software, hardware, and services, for an estimated base contract price of $400,000. Id. Ex. 1 at 5. Under the terms of the Agreement, Notoco was to pay a $120,000 deposit when the Agreement was signed, $120,000 at thirty days, and another $120,000 at sixty days. Id. The remaining payment of $40,000 was due "on the LIVE date." Id.

Activant claims to have delivered all hardware, installed all software, and provided all services called for under the Agreement in advance of the targeted completion date. Respt. Mot. to Vacate ("Mot.") Ex. B at 2. However, Notoco only made a single payment of $122,548.20 at the time of contracting. Id. When Activant demanded payment of the past due amounts, Notoco refused to pay and terminated the system implementation, claiming that the products and services provided by Activant were defective. Pet. Ex. 1 at 3-5. According to Notoco, Activant misrepresented that its software would be compatible with Notoco's dot-matrix printers and "thin clients" (terminals) when, in fact, it was not. Id. Notoco also claimed that Activant did not provide the promised software functionality and did not meet the "go live" date. Id.

On November 1, 2009, Activant filed a demand for arbitration with the AAA, pursuant to the terms of the arbitration clause contained in the Agreement. Pet. ¶ 7. The parties selected a single arbitrator in accordance with AAA procedure. Id. ¶ 9. Notoco then submitted a counterclaim which alleged that Activant had materially misrepresented the features of its software. Petr.'s Reply Ex. 1, Dkt. 26. Specifically, Notoco claimed that the software was incapable of generating a sales journal report, was incompatible with Notoco's existing dot-matrix printers and thin clients and was not implemented in a timely

manner.  Id.  According to Notoco, Activant's alleged misrepresentations with respect to these "critical areas" vitiated its consent to the Agreement, and was "tantamount to fraud in the inducement."  Id. at 2.  Notoco sought the return of all monies paid, as well as consequential damages, fees and costs.  Id.

On February 20, 2011, a three-day arbitration hearing commenced at the San Francisco office of the AAA.  Id. ¶ 13.  The arbitrator concluded the hearing without objection from the parties, and timely issued an Award on April 29, 2011.  Id. ¶ 14.  The arbitrator ruled that Activant had not breached the Agreement and was entitled to payment.  Pet. Ex. 1 at 3-5.  He thus awarded Activant $405,202.39 in unpaid invoices and late fees, post-Award interest and $7,759.50 in arbitration costs.  Id. at 1, 6.  The arbitrator denied Notoco's counterclaim.  Id.

On May 20, 2011, Notoco emailed the arbitrator with a "request for clarification of the ruling."  Petr.'s Reply Ex. 2.  Notoco stated that the arbitrator had awarded Activant "contract line item sales prices not a loss of profit figure," and that Activant "has not provided the goods and services the line item sales prices awarded."  Id.  On June 15, 2011, the arbitrator issued a "DENIAL OF REQUEST TO MODIFY AWARD."  Id. Ex. 3.

### B. PROCEDURAL HISTORY

In the meantime, Activant filed a Petition to Confirm Arbitration Award and Entry of Judgment in this Court on May 19, 2011.  Dkt. 1.  Notoco filed an answer and counterclaim in response to the petition.   Dkt. 8.  Activant filed a reply in support of the petition, and a motion to dismiss Notoco's counterclaim on July 18, 2011. Dkt. 14, 21.

On July 29, 2011, Notoco filed a Motion to Vacate or in the Alternative Motion to Modify Arbitration Award and a statement of non-opposition to Activant's motion to dismiss the counterclaim.  Dkt. 29.  Activant filed an opposition to the motion to vacate on August 12, 2011.  Dkt. 32.  The motions are fully briefed and are ripe for adjudication.

## II. LEGAL STANDARD

Section 9 of the Federal Arbitration Act ("FAA") provides that following the issuance of an arbitral award, a party may apply "for an order confirming the award, and

thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9. Under Section 10, an award may be vacated on the basis of fraud, corruption, or misconduct by the arbitrator, or "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Section 11 provides that an award may be modified or corrected where there is "an evident material miscalculation of figures," the award is on "a matter not submitted to [the arbitrator]," or an award that is "imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

Review of an arbitral award is governed by the FAA, and absent a statutory basis to vacate or modify, the Court "must grant" a motion to confirm. Kyocera Corp. v. Prudential-Bache Trade Serv., Inc., 341 F.3d 987, 994 (9th Cir. 2003) (en banc); Hall Street Assoc., LLC v. Mattel, Inc., 552 U.S. 576, 584 (2008) (holding that §§ 10 and 11 "respectively provide the FAA's exclusive grounds for expedited vacatur and modification"). Judicial review of an arbitration award is "both limited and highly deferential." Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus. Inc., 84 F.3d 1186, 1190 (9th Cir. 1996). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this regard." Kyocera, 341 F.3d at 994; see also Eastern Assoc. Coal Corp. v. Mine Workers, 531 U.S. 57, 62 (2000) (noting that if an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'").

"An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." Schoenduve Corp. v. Lucent Techs., Inc., 442 F.3d 727, 735 (9th Cir. 2006) (citations omitted). "[F]ederal courts of appeals have repeatedly held, 'manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be

clear from the record that the arbitrators recognized the applicable law and then ignored it." Id. (citations omitted). "As long as the award 'draws its essence' from the contract, meaning that on its face it is a plausible interpretation of the contract, then the courts must enforce it." Sheet Metal Workers' Workers' Int'l Ass'n Local Union No. 359, 84 F.3d at 1190.

## III. DISCUSSION

### A. FRAUD IN THE INDUCEMENT

Notoco first contends that it was fraudulently induced to enter into a contractual relationship with Activant, and therefore, both the Agreement and its arbitration clause are null and void. Mot. ¶¶ 23-24. As an initial matter, the Court may consider the issue of fraudulent inducement only where it pertains specifically to the arbitration agreement, as opposed to the contract containing the arbitration clause. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 & n.12 (1967) (recognizing that under the FAA, "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally"). Here, Notoco fails to allege any facts or make any showing that it was fraudulently induced with respect to its agreement to arbitrate any disputes with Activant.[1] As such, Notoco is foreclosed from challenging the Award on the basis of fraudulent inducement.

Even if Notoco had properly supported its claim of fraudulent inducement, it has effectively waived any such objection by participating in the arbitration. Courts have long recognized that "a party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result." Nghiem v. NEC Electronic, Inc., 25 F.3d 1437, 1440 (9th Cir. 1994) (holding that plaintiff who initiated the

---

[1] Notoco submitted a counterclaim to the arbitrator claiming that it was fraudulently induced to enter the Agreement based on allegedly false representations regarding the abilities of Activant's software. See Activant Reply Ex. 1, Dkt. 26. Notoco did not make any claim of fraud with respect to the arbitration clause.

arbitration, attended the arbitration with counsel, presented evidence, and submitted a closing brief was foreclosed from later claiming that the arbitrator lacked authority).  In the instant case, Notoco, without objection, fully participated in the arbitration through its counsel, filed a counterclaim, and presented evidence before the arbitrator.  Having fully participated in the arbitration, Notoco cannot, after receiving an unfavorable result, claim that the arbitrator had no authority to resolve the parties' dispute.

### B. DELAYED DISCOVERY

Notoco next argues that Activant unfairly delayed in producing discovery in connection with the arbitration proceeding.  Mot. ¶¶ 14-19 & Ex. C.  According to Notoco, Activant failed to disclose several inter-office emails until the end of the day on Friday, February 18, 2011, only days before the arbitration was scheduled to commence on Monday, February 21, 2011.  Id. at 5.  But to the extent that Notoco believed that it had been prejudiced by the timing of Activant's disclosure, it should have raised an objection before the arbitrator.  Having failed to do so, Notoco is precluded from challenging the Award on that basis.  See Kodak Oil Field Haulers, Inc. v. Teamsters Union Local 959, 611 F.2d 1286, 1290 (9th Cir. 1980) (claim of arbitrator bias waived where party failed to object at the arbitration); accord Shaffer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 779 F. Supp. 2d 1085, 1093-94 (N.D. Cal. 2011) (same).

### C. MODIFICATION OF DAMAGES

As an alternative to vacating the Award, Notoco requests that the Court modify the Award as follows:  "[I]f NOTOCO is required to purchase something from ACTIVANT by paying money as set forth in the arbitration award, that NOTOCO receive the goods and services for which it is paying."  Mot. ¶ 47.  To the extent that the Court denies such modification, Notoco requests that the Award "be limited to the loss of profit rather than the full purchase price for goods and services never provided by NOTOCO to ACTIVANT."  Id. ¶ 48.

As noted, a trial court may modify or correct an arbitration award only when the face of the award shows an evident miscalculation, the arbitrator acted upon a subject matter not

submitted to arbitration or the award is imperfect as a matter of form.  See 9 U.S.C. § 11. Notoco has made no showing that the Award satisfies any of these three requirements. Moreover, Notoco's request is essentially the same as its post-Award request for "clarification"—which arbitrator construed as a request to modify the Award and ultimately denied.  Petr.'s Reply Exs. 2, 3.  Notoco has made no showing that either the arbitrator's Award or his denial of Notoco's request for clarification or modification was completely irrational or constitutes a manifest disregard of the law.  See Schoenduve Corp., 442 F.3d 727, 735 (9th Cir. 2006) (citations omitted).  Having failed to do so, Notoco's alternative request for modification of the Award is therefore denied.

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Petitioner's petition to confirm the Award is GRANTED.

2. Petitioner's unopposed motion to dismiss Notoco's counterclaim is GRANTED.

3. Respondent's motion to vacate or modify the Award is DENIED.

4. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: October 25, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge